IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00105-CMA-NRN

REED KIRK MCDONALD,

Plaintiff,

v.

EAGLE COUNTY, a quasimunicipal corporation and political subdivision of the State of Colorado, and
BELLCO CREDIT UNION,

Defendants.

**REPORT AND RECOMMENDATION ON
DEFENDANT EAGLE COUNTY, STATE OF COLORADO'S MOTION TO DISMISS
(DKT. #23) and
DEFENDANT BELLCO CREDIT UNION'S MOTION TO DISMISS (DKT. #31)**

**N. Reid Neureiter
United State Magistrate Judge**

This case is before the Court pursuant to Orders (Dkt. ##26 & 32) issued by Judge Christine M. Arguello referring Defendants Eagle County, State of Colorado ("Eagle County") and Bellco Credit Union's ("Bellco") (collectively "Defendants") respective Motions to Dismiss. (Dkt. ##23 & 31.) The Court has carefully considered the motions, Plaintiff Reed Kirk McDonald's Responses (Dkt. ##33 & 38), and Defendants' Replies. (Docket ##35 & 42.) The Court has taken judicial notice of the Court's file, considered the applicable Federal Rules of Civil Procedure and case law, and makes the following recommendation.

## I. BACKGROUND

Mr. McDonald initiated this case by filing a Complaint and Jury Demand against Eagle County. (Dkt. #1.) On March 8, 2018, he filed an Amended Complaint in which he asserted additional claims against Bellco.[1] (Dkt. #14.) Mr. McDonald proceeds pro se and the nature of his claims are convoluted and difficult to ascertain with any certainty. However, construing the pleadings liberally, as it must, the Court gleans the following.

This action stems from two unrelated state court cases. First, Mr. McDonald alleges that in *McDonald v. Zions First Nat'l Bank, N.A.*, Eagle County District Court Case No. 2009-cv-604 (the "Eagle County Litigation"), Eagle County refused to allow him to "present his civil case" against Zions First National Bank, N.A., and successive Eagle County judges have "disobeyed the Court of Appeals Orders."[2] (Dkt. #14 ¶¶ 24-29.) Mr. McDonald's claims in the Eagle County Litigation were dismissed on summary judgment. (Dkt. #31-1.)[3] Judgment was entered against him on April 7, 2011 in the amount of $102,267.75. (Dkt. ##31-2 & 31-3.) A writ of garnishment was issued on Mr. McDonald's Bellco bank account. (*Id.*) All this somehow led to Mr. McDonald's arrest by the FBI.[4] (Dkt. #14 ¶ 36.)

---

[1] Mr. McDonald erroneously labels Bellco a "Third-Party Defendant," but Eagle County brings no claims against Bellco. Bellco is just a defendant.
[2] It appears that Mr. McDonald is referring to the fact that the Colorado Court of Appeals found that he was not properly served with orders from the Eagle County District Court. (Dkt. #1-1.) Contrary to Mr. McDonald's protestations, however, this was not a "judgment" against Eagle County.
[3] As discussed below, the Court may consider matters outside the pleading when determining whether it has subject-matter jurisdiction over the case. *See Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002).
[4] The Court notes that Mr. McDonald's Amended Complaint refers to exhibits that are not attached to the pleading.

Mr. McDonald asserts the following claims against Eagle County: (1) Violations of his Fifth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 by denying him equal protection and due process within "its court proceedings"; (2) Violation of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983 for issuing a writ of garnishment and the issuance of an unlawful arrest warrant; (3) Violations of his Fifth and Fourteenth Amendment rights by denying equal protection and due process; and (4) Violation of 42 U.S.C. § 1985 for conspiring to violate his civil rights.

The second state court case relates to Mr. McDonald's claims against Bellco in *Bellco Credit Union v. McDonald*, Arapahoe District Case No. 17-cv-162 (the "Arapahoe County Litigation"). That case started as a county court collections action initiated after Mr. McDonald failed to pay on a car loan.[5] Mr. McDonald counterclaimed against Bellco under the state and federal fair debt collection laws and attempted to join Eagle County as a third-party defendant. (Dkt. #31-4.) The matter was removed to Arapahoe County District Court, and all claims save for Bellco's original collections claims were dismissed, including Mr. McDonald's counterclaims against Bellco and the third-party claims against Eagle County. (Dkt. #31-5.) Mr. McDonald improperly purported to remove the Arapahoe County Litigation to this Court on January 24, 2018 (Dkt. #6), and then argued in the state court case that the Arapahoe County District Court did not have jurisdiction. (Dkt. #31-6 at 1.) This strategy proved futile; on March 14, 2018, the Arapahoe County District Court entered summary judgment in favor of Bellco. (Dkt. #31-7.) Judgment in the amount of $14,664.09 was entered in favor of Bellco and against

---

[5] Mr. McDonald denies that the loan was for an automobile; instead, he alleges that he borrowed money from Bellco to pay a private attorney. (Dkt. #14 ¶ 52.)

3

Mr. McDonald on March 14, 2018. (Dkt. #31-8 at 9.) Mr. McDonald has appealed. (*Id.* at 2.)

Mr. McDonald asserts the following claims against Bellco: (1) Violation of the Fourteenth Amendment; (2) Violation of the federal Fair Debt Collection Practices Act ("FDCPA"); (3) Violation of Colorado's FDCPA; and (4) Violation of his First Amendment rights.

Defendants now move to dismiss Mr. McDonald's claims pursuant to Fed. R. Civ. P. 12(b)(1) and (12)(b)(6).

## II. LEGAL STANDARDS

### a. Pro Se Plaintiff

Mr. McDonald is proceeding pro se. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). See also *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

4

A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**b. Lack of Subject Matter Jurisdiction**

Federal Rule of Civil Procedure Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the case at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006)

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other

5

documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

### c. Failure to State a Claim Upon Which Relief Can Be Granted

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to

relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

In assessing a motion to dismiss under Rule 12(b)(6), the usual rule is that a court should consider no evidence beyond the pleadings. *See Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1216 (10th Cir.2007). "If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado*, 493 F.3d at 1216 (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997)("[i]f a document is

7

referenced in and central to a complaint, a court need not convert the motion but may consider that document on a motion to dismiss."). In addition, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir.2006).

### III. ANALYSIS

#### a. Claims against Eagle County

Eagle County argues that the Court lacks subject-matter jurisdiction over Mr. McDonald's claims under the *Rooker-Feldman* doctrine, and that Mr. McDonald's Amended Complaint fails to state a claim upon which relief can be granted. The Court agrees.

##### i. Rooker-Feldman Doctrine

Under 28 U.S.C. § 1257(a), "federal review of state court judgments can be obtained only in the United States Supreme Court." *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998). The *Rooker–Feldman* doctrine stems from two United States Supreme Court cases which interpret this limitation on the review of state court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "The *Rooker–Feldman* doctrine precludes 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Tal*, 453 F.3d at 1255–56 (10th Cir. 2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Accordingly, the doctrine forecloses "appellate review of [a] state

judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). The doctrine "applies only to suits filed after state proceedings are final." *Guttman v. G.T.S. Khalsa*, 446 F.3d 1027, 1173 (10th Cir. 2006). Challenges brought pursuant to the *Rooker–Feldman* doctrine are challenges to a federal district court's subject matter jurisdiction. *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004).

The *Rooker–Feldman* doctrine is not limited to the preclusion of claims actually litigated and decided on the merits by the state court. It also precludes claims which are inextricably intertwined with the state court judgment. *Tal*, 453 F.3d at 1256. "A claim is inextricably intertwined if 'the state-court judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress.'" *Id.* (quoting *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 478 (10th Cir.2002)). "[I]f a favorable resolution of a claim would upset a [state court] judgment, the claim is [barred under the *Rooker–Feldman* doctrine] if it is 'inextricably intertwined' with the judgment, even if the underlying judgment issue was not raised or addressed in the state court that handed down the judgment." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1140 (10th Cir. 2006). However, if the plaintiff presents an independent claim, even if it denies a legal conclusion that a state court has reached, the federal district court has jurisdiction. *Id.* at 1143 (citing *Exxon*, 544 U.S. at 1527).

Here, Mr. McDonald alleges that Eagle County, apparently via the Eagle County District Court, has failed to obey the orders and directives of the Colorado Court of Appeals and refuses to "conclude" the Eagle County Litigation. In effect, Mr. McDonald

9

is asking the Court to reverse the state court's dismissal of his claims on summary judgment, to vacate the entry of judgment against Mr. McDonald, and to somehow undo the garnishment proceedings authorized under Colorado law. Doing so would necessarily upset the state court judgment. As Judge Volz recognized when dismissing Mr. McDonald's claims against Eagle County in the Arapahoe County Litigation, "This Court cannot review cases from another jurisdiction, nor can it review the actions of judicial officers from the 5th Judicial District. Such authority is vested in the State's appellate courts and the federal courts, not this Court." (Dkt. #31-5 at 4.) The *Rooker–Feldman* doctrine similarly precludes this type of federal review of state court decisions.

### ii. Failure to State a Claim

Even if the *Rooker-Feldman* doctrine did not bar Mr. McDonald's claims against Eagle County, they still fail as a matter of law. As Eagle County notes, Mr. McDonald's constitutional claims for relief are really directed at the Eagle County District Court. In his Amended Complaint, Mr. McDonald makes it clear that he objects to the actions taken by the Eagle County District Court in (1) failing to obey orders of the Colorado Court of Appeals; (2) issuing an arrest warrant; (3) authorizing the garnishment of his bank account; (4) refusing to allow Mr. McDonald to present his case against Zions First National Bank; and (5) conspiring with the bank to "thwart" him from prosecuting his civil action." (Dkt. #14 ¶¶ 86-125.) However, none of these allegations pertain to actions allegedly taken by Eagle County. Eagle County and the Eagle County District Court are not synonymous. In Colorado, counties are political subdivisions of the State of Colorado that exist to administer state programs on a local level. As an administrative branch of government, counties do not have a court system of their own. Instead, the

judicial power of the state is "vested in a supreme court, district courts, . . . county courts, and such other courts or judicial officers with jurisdiction inferior to the supreme court[.]" Colo. Const. art. VI, § 1. The state judicial system represents a separate branch of government that operates independent of any Colorado county.

Thus, the actions of district court judges cannot, by definition, give rise to a municipal liability claim against a county government because district court judges are state, not county, employees. In other words, Eagle County is not the proper defendant for claims against the Colorado Judicial Branch.

Moreover, Mr. McDonald's Amended Complaint is devoid of any allegations that Eagle County had a policy or custom which led to any of the alleged constitutional violations. Therefore his 42 U.S.C. § 1983 claims should be dismissed. *See Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004) (to state a claim for municipal liability, a party must allege sufficient facts to demonstrate it is plausible that (1) the municipal employee committed a constitutional violation; and (2) a municipal policy or custom was the moving force behind the constitutional deprivation). Nor has Mr. McDonald sufficiently alleged that Eagle County engaged in a civil rights conspiracy under 42 U.S.C. § 1985. Indeed, he does not even specify under which part of § 1985 his claim arises.

Accordingly, Mr. McDonald fails to state any claims against Eagle County upon which relief can be granted.

### b. Claims against Bellco

Bellco argues that the Amended Complaint should dismissed (1) under the *Younger* abstention doctrine; (2) based on claim and issue preclusion; (3) for failing to state a claim; and (4) for improper joinder. The Court will address each in turn.

#### *i. Younger* Abstention

First, Bellco claims that *Younger v. Harris*, 401 U.S. 37 (1971), requires the Court to abstain from interfering with pending state court proceedings. The *Younger* doctrine applies when (1) there is an ongoing civil proceeding, (2) there is an adequate state forum to raise the plaintiff's claims, and (3) the state proceedings involve important state interests. *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). Citing the three *Younger* factors, Bellco argues that abstention is appropriate here because first, there is an ongoing state civil proceeding, namely, the Arapahoe County Litigation. Second, Bellco maintains that nearly all of Mr. McDonald's claims in the case at bar relate to the Arapahoe County Litigation, and that if the Court granted Mr. McDonald's requested relief, it would necessarily have to overturn the state court's granting of summary judgment in Bellco's favor. Finally, Bellco claims that the Arapahoe County Litigation involves important state interests, most notably Colorado's application of its statute of limitations.

In his Amended Complaint, Mr. McDonald alleges that Bellco: "knowingly concealed or knowingly and improperly bore false witness" in the Arapahoe County Litigation; failed to obey Colorado Court of Appeals orders; "refused and continues refusing to dismiss" the Arapahoe County Litigation; "redacted their own voluntary admission of wrongdoing" in the state court; conspired to violate the applicable statute

of limitations; "colluded with the Court to evade" liability under the state and federal FDCPA; and "invaded [his] right to privacy by trespassing his gated property to illegally search and seize Plaintiff's personal property."[6] (Dkt. #14 ¶¶ 126-61.)

The Court finds that Mr. McDonald's allegations and claims for relief against Bellco, whether they are brought under the Constitution or state and federal law, are essentially collateral attacks on the determinations and rulings made by the state court in the Arapahoe County Litigation. To grant the relief Mr. McDonald seeks, the Court would have to overrule the state court's determination that Mr. McDonald was indebted to Bellco in the amount of $14,664.09, and that the statute of limitations did not bar Bellco's collections action. (Dkt. #39-7.) Therefore, to the extent that the Arapahoe County Litigation is ongoing (the Court is unaware of the current status of Mr. McDonald's appeal), it is appropriate for the Court to abstain from exercising subject-matter jurisdiction under the *Younger* doctrine. If the Arapahoe County Litigation is no longer active, then the *Rooker-Feldman* doctrine applies to bar Mr. McDonald's claims.

### ii. Issue and Claim Preclusion

Next, Bellco argues that Mr. McDonald's claims are barred by the doctrines of claim preclusion and issue preclusion.

A party asserting the defense of issue preclusion must establish four elements:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom

---

[6] Reviewing Mr. McDonald's Response, this seemingly refers to the attempted repossession of an automobile. (Dkt. #38 at 18.)

>the doctrine is raised had a full and fair opportunity to litigate
>the issue in the prior action.

*Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009).

Claim preclusion, on the other hand, requires a judgment on the merits in an earlier action, identity of the parties in the two suits, and identity of the cause of action in both suits. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999). To determine whether the claims in two suits are identical, it must be determined whether the claims arise out of the same transaction, or a series of connected transactions. *Id.* at 1227. "[A] new action will be permitted only where it raises *new and independent claims*, not part of the previous transaction, based on the new facts." *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150 (10th Cir. 2006) (emphasis in original).

Turning first to issue preclusion, Bellco argues that the statute of limitations question Mr. McDonald refers to throughout his Amended Complaint was irrefutably resolved in the Arapahoe County Litigation. There, the state court held that Bellco filed its collections action within the six-year period provided by Colo. Rev. Stat. § 13-80-103.5. (Dkt. #31-5 at 5-6.) Mr. McDonald had an opportunity to litigate this issue and did, in fact, litigate it. (*Id.*) Thus, this issue has been decided for issue preclusion purposes. To the extent that Mr. McDonald's claims revolve around the "conspiracy to prosecute a civil action out-of-time in violation of Colorado's statute of limitations," which seems applicable to all but his First Amendment claim (*see* Dkt. # 14 ¶¶ 132, 141, & 150), those claims must be deemed barred.

Bellco also argues that Mr. McDonald's state and federal FDCPA claims are subject to dismissal under the doctrine of claim preclusion. Bellco accurately notes that Mr. McDonald brought FDCPA claims against it in the Arapahoe County Litigation. (Dkt.

14

#31-4 at 22-24.) Those claims were dismissed. (Dkt. #31-5 at 7.) Accordingly, Mr. McDonald's FDCPA claims are barred and must be dismissed.

### iii. Failure to State a Claim

Bellco argues that Mr. McDonald has failed to state claims under Rule 12(b)(6) for several reasons. The Court concurs.

First, to state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (U.S. 1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Here, Mr. McDonald has not alleged that Bellco was a state actor, and "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Mr. McDonald cannot maintain a § 1983 claim against Bellco.

Mr. McDonald also brings a First Amendment right-to-privacy claim against Bellco for "trespassing his gated property to illegally search and seize his property." (Dkt. #14 ¶ 155.) However, the First Amendment provides that "*state actors* 'shall make no law ... abridging the freedom of speech.'" *Hawkins v. City & Cty. of Denver*, 170 F.3d 1281, 1286 (10th Cir. 1999) (emphasis added) (quoting U.S. Const. amend. I). Thus, the First Amendment only limits state—as opposed to private—action. *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1276 (10th Cir. 2005). Bellco

is not a state actor, and its initiation of a collections lawsuit or replevin action against Mr. McDonald is not state action. Accordingly, Mr. McDonald's First Amendment claim must be dismissed.

Next, Bellco argues that Mr. McDonald's FDCPA claims fail as a matter of law because Mr. McDonald does not allege that Bellco is a "debt collector" within the meaning of the applicable statutes. Both the state and federal FDCPA statutes exclude from the term "debt collector" those creditors who collect debts that they originate. See 15 U.S.C. § 1692a(6)(A); Colo. Rev. Stat. §§ 5-16-103(9). Here, although he disputes the purpose for the loan, Mr. McDonald concedes that he took out a loan from Bellco and that Bellco attempted to collect on the debt. (Dkt. #14 ¶¶ 51-52, 56-57.) Creditors cannot be liable for collecting debts owed to them. See Rader v. Citibank (South Dakota), N.A., 2007 WL 3119543, at *8 (D. Colo. Oct. 18, 2007) ("[U]nder the FDCPA, creditors cannot be held liable for collecting on debts that originated with them."); Commercial Serv. of Perry, Inc. v. Fitzgerald, 856 P.2d 58, 62 (Colo. App. 1993) (recognizing that those who originally extend credit are not subject to the Colorado FDCPA). Accordingly, Mr. McDonald's FDCPA claims fail to state a cognizable claim for relief.

### iv. Improper Joinder

Finally, Bellco argues that it cannot properly be joined in this action under the Federal Rules of Civil Procedure. Rule 19 governs the required joinder of parties and defines a "required party" as either one in whose absence "the court cannot accord complete relief among existing parties," or one "who claims an interest relating to the subject of the action . . . ." Fed. R. Civ. P 19(a)(1)(A)-(B). There is no indication from the

pleadings that Bellco has an interest in Mr. McDonald's claims against Eagle County, or that its absence in this case would affect these claims in any way.

Nevertheless, Bellco could be joined as a permissive party under Rule 20 if "(A) any right to relief is asserted against [it] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Mr. McDonald's claims against Bellco are entirely unrelated to its claims against Eagle County. As Bellco points out, the only possible connection between the Defendants—that the writ of garnishment in Eagle County Litigation was served on Mr. McDonald's Bellco bank account—has nothing to do with Mr. McDonald's claim that Bellco acted improperly in its attempt to collect on an unpaid loan. This provides a separate, alternative grounds for dismissal.

### c. Attorneys Fees and Costs

Both Defendants request an award of attorney fees and costs against Mr. McDonald.

A prevailing party in a civil rights suit may recover attorney fees. 42 U.S.C. § 1988(b). "[A] prevailing defendant in a civil rights action may recover attorney fees only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000) (quotations omitted). "Although this is a demanding standard, and it is rare for attorney fees to be assessed against a pro se plaintiff in a § 1983 action, a district court has discretion to do so." *Olsen v. Aebersold*, 149 F. App'x 750, 752 (10th Cir. 2005) (citations omitted). Attorney fees are not available against a pro se litigant unless the action is "meritless in the

sense that it is groundless or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14, (1980).

Furthermore, on a finding by the court that a federal FDCPA action "was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C.A. § 1692k(a)(3). In Colorado FDCPA cases, an unsuccessful plaintiff "shall be liable to each defendant in an amount equal to that defendant's cost incurred in defending the action, together with reasonable attorney fees as may be determined by the court." Colo. Rev. Stat. § 5-16-113.

The Court finds that circumstances that would justify an award of attorney fees are present in this case. Mr. McDonald's claims were brought in federal court after already being litigated in two separate state court actions.[7] There is no plausible basis for his claims. They appear to have been brought for no legitimate purpose other than harassment have no reasonable prospect of success. The Court's conclusion is bolstered by the fact that this is not Mr. McDonald's first unsuccessful attempt to use the federal court to review state court decisions. *See, e.g., McDonald v. Arapahoe Cty.*, No. 18-1070, 2018 WL 6242214, at *3 (10th Cir. Nov. 28, 2018) (unpublished) (affirming district court's dismissal of Mr. McDonald's collateral attack on state eviction proceeding as being barred by *Rooker-Feldman* doctrine); *McDonald v. Colorado's 5th Judicial Dist.*, 646 F. App'x 697, 700 (10th Cir. 2016) (unpublished) (under *Younger*, the district court properly abstained and dismissed Mr. McDonald's federal claims arising from two

---

[7] The Court notes that these claims were *fully* litigated. The docket sheet for the Eagle County Litigation runs 18 pages, while that of the Arapahoe County Litigation is eight pages long. (Dkt. ## 31-3 & 31-8.)

Colorado state court actions involving real property). Therefore, the imposition of costs and fees is appropriate. *See Olsen*, 149 F. App'x at 753 (affirming imposition of attorney fees on a pro se civil rights plaintiffs where the plaintiffs had filed several federal lawsuits which involved jurisdictional challenges and had failed to address previously identified pleading deficiencies).

## IV. RECOMMENDATION

**WHEREFORE**, for the foregoing reasons, it is hereby **RECOMMENDED** that

- Defendants Eagle County, State of Colorado and Bellco Credit Union's Motions to Dismiss (Dkt. ##23 & 31) be **GRANTED**; that
- Mr. McDonald's Amended Complaint (Dkt. #14) be **DISMISSED WITH PREJUDICE**; and that
- Defendants be awarded their reasonable costs and attorney fees related to defending Mr. McDonald's Amended Complaint.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.**

*Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

BY THE COURT

Date: December 12, 2018
Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge