IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00105-CMA-NRN

REED KIRK MCDONALD,

    Plaintiff,

v.

EAGLE COUNTY, a quasimunicipal corporation and political subdivision of the State of Colorado, and
BELLCO CREDIT UNION,

    Defendants.

---

**ORDER AFFIRMING THE DECEMBER 12, 2018 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND GRANTING MOTIONS TO DISMISS**
_____

The matter is before the Court upon the December 12, 2018 Recommendation by United States Magistrate Judge N. Reid Neureiter that this Court grant Defendants' Motions to Dismiss (Doc. ## 23, 31). (Doc. # 67.) The Court finds Plaintiff Reed K. McDonald's Objection to the Recommendation (Doc. # 77) to be unpersuasive for the reasons described herein and overrules it. The Court affirms and adopts Magistrate Judge Neureiter's Recommendation and grants Defendants Eagle County's and Bellco Credit Union's ("Defendant Bellco") Motions to Dismiss.

### I.    BACKGROUND

This action arises out of two unrelated state court cases. (Doc. # 67 at 2.)

## A. CLAIMS RELATED TO THE LITIGATION IN EAGLE COUNTY

First, in September 2009, Plaintiff brought suit in the District Court for Eagle County, Colorado, against third party Zions First National Bank ("Zions Bank") for issues related to a loan Zions Bank previously made to Plaintiff (the "Litigation in Eagle County"). (Doc. # 31-3.) Plaintiff claimed that Zions Bank "breached the contract—a loan agreement—by failing to advance requested draws" and that it "breached the duty of good faith and fair dealing in the same manner." *See* (Doc. # 31-1 at 4.) Zions Bank asserted a counterclaim for a deficiency judgment against Plaintiff. *See* (*id.*) The Eagle County District Court dismissed Plaintiff's claims against Zions Bank on summary judgment on March 3, 2011 (*id.* at 5), and Zions Bank voluntary dismissed its counterclaim against Plaintiff on March 18, 2011, *see* (Doc. # 31-3 at 13; Doc. # 1-1 at 1). The Eagle County District Court awarded Zions Bank attorneys' fees and costs in the amount of $102,267.75 on April 7, 2011.[1] (Doc. # 31-3 at 12; Doc. # 31-2 at 2).

Plaintiff subsequently appealed the Eagle County District Court's decision to summarily dismiss his claims and terminate the case to the Colorado Court of Appeals. On or about November 2, 2011, the Court of Appeals rejected the appeal on the ground that because the Eagle County District Court dismissed Zions Bank's counterclaim without prejudice, "an appealable order [had] not been entered" by the Eagle County

---

[1] Having reviewed all exhibits to the pleadings, the Court disagrees with Magistrate Judge Neureiter's description of the outcome of the Litigation in Eagle County. *See* (Doc. # 67 at 2.) Magistrate Judge Neureiter wrote that the Eagle County District Court entered judgment against Plaintiff in the amount of $102,267.75, *see* (*id.*), but the record reveals that Zions Bank had voluntarily dismissed its counterclaim on March 18, 2011, and that the $102,267.75 amount was an award of attorneys' fees and costs. However, Magistrate Judge Neureiter's minor mischaracterization of the Litigation in Eagle County does not impact the accuracy of his analysis.

District Court. (Doc. # 1-1 at 3–4.) The Court of Appeals noted as an aside that "it [did] not appear that the *pro se* plaintiff [Plaintiff] was ever properly served with the Orders of the district court . . . If this Court had found that a final and appealable order had been entered, it would have found that the time for filing an appeal had not started to run because there is no evidence that Plaintiff was served with a copy of the district court's orders." (*Id.*) Approximately a year later, the Eagle County District Court issued a writ of garnishment on Plaintiff's account with Defendant Bellco. *See* (Doc. # 31-3 at 7.)

In the action presently before this Court, Plaintiff asserts that the Colorado Court of Appeals ordered Defendant Eagle County in its November 2, 2011 Order "to restore 'due process' and 'equal protection of the law' in its proceedings" but that Defendant Eagle County "knowingly refused to obey" the Court of Appeal's order. (Doc. # 14 at 1–2.) Plaintiff raises the following claims against Defendant Eagle County, all of which arise out of the outcome of the Litigation in Eagle County: (1) a claim under 42 U.S.C. § 1983 for violating his Fifth and Fourteenth Amendment rights by "fail[ing] its obligation to obey the Court of Appeals Order [to provide] due process and equal protection" and by "refusing to conclude the [Litigation in Eagle County];" (2) a claim under 42 U.S.C. § 1983 for violating his Fourth Amendment rights by "knowingly fil[ing] and issu[ing] [a] writ allowing [Zions Bank] to seize Plaintiff's bank accounts to financially prevent [him] from pursuing his civil case;" (3) a claim under 42 U.S.C. § 1983 for violating "the United States Constitution" by "knowingly and improperly refus[ing] under color of state law to allow Plaintiff to present his case against [Zions Bank];" and (4) a claim under 42 U.S.C.

§ 1985 for conspiring with the Clerk of the Court for the District Court of Eagle County and with Zions Bank to violate his civil rights. (*Id.* at 17–22.)

**B.    CLAIMS RELATED TO LITIGATION IN ARAPAHOE COUNTY**

Second, in a completely unrelated proceeding, Defendant Bellco initiated a collection action on December 14, 2016, against Plaintiff in the District Court for the County of Arapahoe, Colorado, for failure to make payments on a car loan (the "Litigation in Arapahoe County"). (Doc. # 67 at 3; Doc. # 31 at 3.) Plaintiff asserted several counterclaims against Defendant Bellco, including claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "federal FDCPA") and the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 15-16-101, *et seq.* (the "Colorado FDCPA"). (Doc. # 31-4 at 21–30.) Plaintiff also attempted to join Defendant Eagle County as a third-party defendant in the Litigation in Arapahoe County, alleging that the Litigation in Arapahoe County was related to the prior Litigation in Eagle County because of the garnishments entered in the latter. (*Id.*) The Arapahoe County District Court dismissed all of Plaintiff's counterclaims against Defendant Bellco and Defendant Eagle County on September 7, 2017, leaving only Defendant Bellco's original collections claim. (Doc. # 31-5.)

Defendant Bellco moved for summary judgment in the Litigation in Arapahoe County on December 27, 2017. (Doc. # 31 at 4.)

On January 12, 2018, Plaintiff filed this action against Defendant Eagle County alone. (Doc. # 1.) On January 24, 2018, Plaintiff filed a Notice of Removal with this Court to remove the Litigation in Arapahoe County, asserting that the Litigation in

4

Arapahoe County was "intertwined" with his case against Defendant Eagle County before this Court. (Doc. # 6.)

In the Litigation in Arapahoe County, Plaintiff then contended that the Arapahoe County District Court no longer had jurisdiction. (Doc. # 31-6 at 1.)

On March 8, 2018, Plaintiff filed an Amended Complaint in this action, adding Defendant Bellco as a defendant. (Doc. # 14.) Plaintiff argues that "Bellco's case is intertwined with Eagle Counties [sic] misconduct." (*Id.* at 2.) He asserts four causes of action against Defendant Bellco: (1) violation of his Fourteenth Amendment rights by refusing to dismiss its civil action and by "conspir[ing] with state court to prosecute a civil action out-of-time in violation of Colorado's statute of limitations;" (2) violation of the federal FDCPA; (3) violation of the Colorado FDCPA; and (4) violation of his First Amendment rights to privacy "by trespassing his gated property to illegally search and seize Plaintiff's personal property." (*Id.* at 22–27.)

On March 14, 2018, the Arapahoe County District Court granted summary judgment in favor of Defendant Bellco and entered judgment in its favor in the amount of $14,664.09 in the Litigation in Arapahoe County. (Doc. # 31-7.) Plaintiff is appealing the judgment of the Arapahoe County District Court in the Litigation in Arapahoe County. (Doc. # 31-8; Doc. # 31 at 4.)

**C.    PROCEDURAL HISTORY**

As the Court just described, Plaintiff alleges four causes of action against Defendant Eagle County and four separate causes of action against Defendant Bellco. *See* (Doc. # 14.)

Defendant Eagle County moved to dismiss all claims against it on April 13, 2018, arguing that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and name the wrong defendant. (Doc. # 23.) Plaintiff filed his Response on May 4, 2018 (Doc. # 33), to which Defendant Eagle County replied on May 18, 2018 (Doc. # 35).

Defendant Bellco filed its Motion to Dismiss on April 25, 2018, on the grounds that the Court lacks jurisdiction under the *Younger* abstention doctrine, that Plaintiff's federal and Colorado FDCPA claims are barred by claim preclusion and issue preclusion, and that Plaintiff fails to state a claim for relief in his other claims. (Doc. # 31.) Plaintiff responded to the Motion to Dismiss on May 22, 2018. (Doc. # 38.) Defendant Bellco replied in support of its motion on June 5, 2018. (Doc. # 42.)

Magistrate Judge Neureiter issued his Recommendation on both Motions to Dismiss on December 12, 2018, advising that this Court should grant both Motions to Dismiss. (Doc. # 67.) Plaintiff filed his Objection to the Recommendation on January 28, 2019 (Doc. # 77), to which Defendant Bellco responded on February 7, 2019 (Doc. # 78), and Defendant Eagle County responded on February 8, 2019 (Doc. # 79). Plaintiff replied in support of his Objection on February 19, 2019. (Doc. # 80.)

Plaintiff has also filed a Motion for Summary Judgment on all of his claims against Defendant Bellco on June 26, 2018 (Doc. # 47), and a Motion to Exceed Page Limits in his summary judgment motion (Doc. # 49). Magistrate Judge has recommended that in light of his Recommendation that the Court grant Defendants' Motions to Dismiss, the Court deny as moot these other motions. (Doc. # 68.)

## II. APPLICABLE LEGAL STANDARDS

### A. REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### B. *PRO SE* PLAINTIFF

Plaintiff proceeds *pro se*. The Court, therefore, reviews his pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.

1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does *pro se* status entitle a litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**C.     FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)**

Dismissal pursuant to Rule 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*24, 518 F.3d 1186, 1189 (10th Cir. 2008). Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)); *see Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). When reviewing a facial attack, a court takes the allegations in the complaint as true, but when in reviewing a factual attack, the court does not presume the truthfulness of the complaint's factual allegations and may consider affidavits or other documents to resolve jurisdictional facts. *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995). Defendant Eagle County's Motion to Dismiss launches a facial attack on this Court's subject matter jurisdiction. *See* (Doc. # 23 at 5.)

## D. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (citation omitted).

### III.  DISCUSSION

At the outset, the Court observes that Plaintiff's Objection—even when construed liberally—is largely devoid of **specific** objections to Magistrate Judge Neureiter's analysis. Moreover, many of Plaintiff's objections are frivolous, conclusive, or immaterial. Plaintiff has, consequently, waived *de novo* review of much of the Magistrate Judge's Recommendation. *See In re Griego*, 64 F.3d 580, 583–84 (10th Cir. 1995). The Court finds no clear error in the portions of the Recommendation to which Plaintiff does not specifically object. It limits the following *de novo* review to the portions of the Recommendation to which Plaintiff unambiguously objects.

### A.  CLAIMS AGAINST DEFENDANT EAGLE COUNTY

Magistrate Judge Neureiter concluded that the Court lacks subject matter jurisdiction over Plaintiff's claims against Defendant Eagle County pursuant to the *Rooker-Feldman* doctrine and that Plaintiff fails to state a claim against Defendant

Eagle County upon which relief can be granted. (Doc. # 67 at 8.) He recommended that Plaintiff's claims against Defendant Eagle County be dismissed with prejudice. (*Id.* at 19.) The Court affirms the Magistrate Judge's conclusion.

1. <u>Dismissal is appropriate pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction over Plaintiff's claims against Defendant Eagle County pursuant to the *Rooker-Feldman* doctrine.</u>

The *Rooker-Feldman* doctrine states that federal district courts do not have subject matter jurisdiction to review final state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Specifically, the doctrine bars federal review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*; *see also Bolden v. City of Topeka*, 441 F.3d 1129, 1138 (10th Cir. 2006). The *Rooker-Feldman* doctrine also bars federal district courts from considering "claims inextricably intertwined with a prior state-court judgment." *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006); *see also Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 483 n.16 (1983). A claim is inextricably intertwined if "the state-court judgment **caused**, actually and proximately, the **injury** for which the federal-court plaintiff seeks **redress**." (*Id.*) (internal citations omitted). "In other words, if favorable resolution of a claim would upset a [state-court] judgment, that claim is *Rooke*r-barred . . . even if the underlying issue was not raised or addressed in the state court that handed down the judgment." *Bolden*, 441 F.3d at 1140. Challenges brought pursuant to the *Rooker-Feldman* doctrine, like the challenge Defendant Eagle County raises in its Motion to Dismiss, *see* (Doc. # 23 at 4–5), are

challenges to a federal court's subject matter jurisdiction. *See Merrill Lynch Bus. Fin. Servs., Inc.*, 363 F.3d at 1074–75.

In this case, Magistrate Judge Neureiter determined that application of the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction over Plaintiff's claims against Defendant Eagle County. (Doc. # 67 at 10.) He summarized Plaintiff's allegation as follows: Defendant "Eagle County, apparently via the Eagle County District Court, has failed the obey the orders and directives of the Colorado Court of Appeals and refuses to 'conclude' the [Litigation in Eagle County]," (*id.* at 9); the Court agrees with the Magistrate Judge's understanding of Plaintiff's Complaint. Magistrate Judge Neureiter then assessed that:

> In effect, [Plaintiff] is asking the Court to reverse the state court's dismissal of his claims on summary judgment, to vacate the judgment against [Plaintiff], and to somehow undo the garnishment proceedings authorized under Colorado law. Doing so would necessarily upset the state court judgment. . . . The *Rooker-Feldman* doctrine . . . precludes this type of federal review of state court decisions.

(*Id.* at 9–10.)

Plaintiff's objection that the *Rooker-Feldman* doctrine "is inapplicable to this because the Colorado Court of Appeals had adjudged there is no judgment" in the Litigation in Eagle County does not persuade the Court that Magistrate Judge Neureiter's analysis is incorrect. *See* (Doc. # 77 at 14–16.) Plaintiff misunderstands the decisions of the Eagle County District Court and the Colorado Court of Appeals. First, Eagle County District Court (indisputably a state court) did issue a final judgment on Plaintiff's claims against Zions Bank in the Litigation in Eagle County; it summarily dismissed Plaintiff's claims on March 3, 2011. (Doc. # 31-1 at 4.) The Colorado Court

12

of Appeals' orders regarding Plaintiff's attempted appeal, *see* (Doc. # 1-1), did not impact the Eagle County District Court's judgment.  The Court of Appeals only determined that because Zions Bank's counterclaim against Plaintiff was voluntarily dismissed on March 18, 2011, without prejudice, an appealable order had not entered and that it could therefore not entertain Plaintiff's appeal.  *See* (*id.*)  Its determination that an appealable order had not entered in the Litigation in Eagle County does not mean that, as Plaintiff contends, there was no judgment in the Litigation in Eagle County.  Plaintiff provides no support for his assumption otherwise.

The Court therefore rejects Plaintiff's objection regarding the application of the *Rooker-Feldman* doctrine to Plaintiff's claims against Defendant Eagle County.  The Court does not have subject matter jurisdiction over these claims.

2. <u>Dismissal is also appropriate pursuant to Rule 12(b)(6) because Plaintiff fails to allege claims against Defendant Eagle County.</u>

In addition to his conclusion that the Court is without subject matter jurisdiction over Plaintiff's claims against Defendant Eagle Court, Magistrate Judge Neureiter also concluded that Plaintiff fails to allege claims upon which relief can be granted against Defendant Eagle County, warranting dismissal under Rule 12(b)(6).[2]  (Doc. # 67 at 10–11.)  The Magistrate Judge observed that though Plaintiff's claims are raised against Defendant Eagle County, his claims for relief "are really directed at the Eagle County District Court." (*Id.* at 10.)  None of Plaintiff's allegations, such as that "Defendant"

---

[2] Despite its determination that it is without subject matter jurisdiction over Plaintiff's claims against Defendant Eagle County, the Court nonetheless also considers Defendant Eagle County's additional argument that Plaintiff's claims fail to state a claim upon which relief can be granted in order to determine whether it would be futile to dismiss Plaintiff's claims without prejudice.  The Court addresses this further in Section III(C) below.

failed to obey orders of the Colorado Court of Appeals and refused to allow him to present his case against Zions Bank, "pertain to actions . . . taken by Eagle County," Magistrate Judge Neureiter described. (*Id.*) Rather, they concern actions of the Eagle County District Court. (*Id.*) The Magistrate Judge stated, "Eagle County and the Eagle County District Court are not synonymous." (*Id.*) He therefore concluded that "Eagle County is not the proper defendant for claims against the Colorado Judicial Branch" and that Plaintiff fails to state any claims against Defendant Eagle County upon which relief can be granted. (*Id.* at 11.)

Plaintiff's objection is without merit. He contends that because "the people of each county dully [sic] elect their district judges," district courts "are perceived as a county operative," but he provides no authority for that proposition. (Doc. # 77 at 2.) Plaintiff's assertion that "Colorado's Attorney General's Office . . . agrees[s] [that] Eagle County, who dully [sic] elected all four judges [to the district court] lie [sic] responsible for their actions" is also without support and contrary to law. *See* (*id.* at 12.) The Court therefore agrees with Magistrate Judge Neureiter's assessment that Plaintiff's claims against Defendant Eagle County must be dismissed pursuant to Rule 12(b)(6).

**B.    CLAIMS AGAINST DEFENDANT BELLCO**

Magistrate Judge Neureiter agreed with all four of Defendant Bellco's arguments for dismissal of Plaintiff's claims against it and therefore recommended that Plaintiff's claims against Defendant Bellco be dismissed with prejudice. (Doc. # 67 at 12–19.) The Court affirms the Magistrate Judge's recommendation, though it declines to reach all four arguments.

14

1. <u>The *Younger* abstention doctrine requires this Court to abstain from exercising jurisdiction over Plaintiff's claims against Defendant Bellco.</u>

The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *Reinhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). Pursuant to the *Younger* abstention doctrine, a federal court must abstain from exercising jurisdiction when: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'" *Amantullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert denied*, 523 U.S. 1005 (1998)). Where these three conditions are met, "*Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (citing *Seneca-Cayuga Tribe v. Okla.*, 874 F.2d 709, 711 (10th Cir. 1989)).

In the case presently before the Court, Magistrate Judge Neureiter concluded that "to the extent that the [Litigation in Arapahoe County] is ongoing . . . , it is appropriate for the Court to abstain from exercising subject-matter jurisdiction under the *Younger* doctrine." (Doc. # 67 at 13.) As to the first prerequisite to *Younger* abstention,

the Magistrate Judge that the Litigation in Arapahoe County is an ongoing state civil proceeding, assuming Plaintiff's appeal has not yet been resolved. (*Id.* at 12–13.) Second, Magistrate Judge Neureiter determined that the state courts (the Arapahoe County District Court and, presumably, the Colorado Court of Appeals) provide an appropriate forum to hear Plaintiff's claims against Defendant Bellco, especially given that Plaintiff alleges that Defendant Bellco knowingly "bore false witness" in the Litigation in Arapahoe County and "colluded with the Court to evade" liability. (*Id.*) Third, the Magistrate Judge was satisfied that the Litigation in Arapahoe County involve simportant state interests, "most notably Colorado's application of its statute of limitations." (*Id.* at 12.) Magistrate Judge Neureiter therefore concluded that this Court must abstain from exercising jurisdiction over Plaintiff's claims against Defendant Bellco pursuant to the *Younger* doctrine, so long as the Litigation in Arapahoe County is ongoing. (*Id.* at 13.) If the Litigation in Araphoe County is no longer active, Magistrate Judge Neureiter stated that the *Rooker-Feldman* doctrine, which this Court explained in Section III(A)(1), applies to bar Plaintiff's claims against Defendant Bellco. (*Id.*)

Plaintiff's Objection does not explicitly challenge the application of the *Younger* abstention doctrine, but Plaintiff does assert that "[s]imply, there is no state Bellco case." (Doc. # 77 at 11.) Reviewing the Objection liberally, the Court understands this to be an objection to Magistrate Judge Neureiter's finding that the Litigation in Arapahoe County constitutes an ongoing state civil proceeding for purposes of *Younger*. *See* (Doc. # 67 at 12–13.) Plaintiff contends that he removed the Litigation in Arapahoe County to this Court on January 24, 2018, citing his Notice of Removal (Doc. # 6).

16

(Doc. # 77 at 10.)  The Court disagrees; Plaintiff's attempt to remove the Litigation in Arapahoe County was fatally flawed, and the Litigation in Arapahoe County remains an ongoing state civil proceeding.  As Defendant Bellco cogently explains in its Response to the Objection, *see* (Doc. # 78 at 5–7), Defendant Bellco, the plaintiff in the Litigation in Arapahoe County, "only brought a state law collections action that could not be removed to federal court." (*Id.* at 7.)  The fact that Plaintiff may have asserted a defense or counterclaim under federal law did not give him the right to remove the litigation.  "[A] case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).  Accordingly, the Court rejects Plaintiff's Objection to the extent it takes issue with application of the *Younger* abstention doctrine to his claims against Defendant Bellco.

  2. <u>Dismissal is also appropriate because Defendant Bellco was not properly joined in this action.</u>

Magistrate Judge Neureiter also concluded that Defendant Bellco was improperly joined in this case, constituting an additional ground for dismissal of Plaintiff's claims against Defendant Bellco.  (Doc. # 67 at 16–17.)  He explained that joinder of Defendant Bellco was improper under Rule 19 because "[t]here is no indication from the pleadings that [Defendant] Bellco has an interest in [Plaintiff's] claims against [Defendant] Eagle County, or that its absence in this case would affect these claims in any way." (*Id.*)  The Magistrate Judge then stated that Defendant Bellco also could not be joined as a permissive party under Rule 20(a)(2) because Plaintiff's "claims against [Defendant] Bellco are entirely unrelated to [his] claims against [Defendant] Eagle County." (*Id.* at

17

17.) He continued, "the only possible connection between the Defendants—that the writ of garnishment in [the Litigation in Eagle County] was served on [Plaintiff's] Bellco bank account—has nothing to do with [Plaintiff's] claim that [Defendant] Bellco acted improperly in its attempt to collect on an unpaid loan." (*Id.*)

The Court affirms Magistrate Judge Neureiter's determinations that joinder of Defendant Bellco was improper and that dismissal with prejudice of the claims alleged against it is appropriate. Though Plaintiff previously stated that the Litigation in Arapahoe County was "intertwined" with his claims against Defendant Eagle County in this case, *see* (Doc. # 6 at 1), Plaintiff concedes in his Objection that the "separate litigation in Arapahoe County . . . has noting [sic] to do with this case, as the underly [sic] facts in that case have noting [sic] to do with this case," (Doc. # 77 at 18).

**C.     DISMISSAL OF CLAIMS WITH PREJUDICE**

As the Court has already stated, Magistrate Judge Neureiter recommended that all of Plaintiff's claims be dismissed with prejudice. (Doc. # 67 at 19.) The Court affirms that dismissal of the action with prejudice is appropriate.

Plaintiff argues that dismissal of his Complaint with prejudice is inappropriate and accuses the Magistrate Judge of "weaponiz[ing] his personal opinion" and "woefully disregard[ing] this District's precedent and that of the 10th Circuit Court of Appeals" by making such a recommendation. (Doc. # 77 at 5.) He contends that because Magistrate Judge recommended dismissal of his Complaint for lack of jurisdiction, "dismissal must be without prejudice." (*Id.* at 6.) Though Plaintiff is correct that where a district court determines that it lacks jurisdiction, "dismissal of a claim must be without

prejudice," *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004), Plaintiff fails to comprehend that Magistrate Judge Neureiter's recommended dismissal of the action with prejudice was premised on multiple grounds apart from the lack of the Court's jurisdiction. The Court has already affirmed, for example, Magistrate Judge Neureiter's conclusion that Plaintiff's claims against Defendant Eagle County must be dismissed pursuant to Rule 12(b)(6) because Defendant Eagle County is not the proper defendant.

Though *pro se* parties should generally be given leave to amend, "it is appropriate to dismiss without allowing amendment 'where it is obvious that the plaintiff cannot prevail on the facts [he] has alleged and it would be futile to give [him] an opportunity to amend.'" *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010)). In this matter, the multiple alternative grounds for dismissal of the Complaint that Magistrate Judge Neureiter described and that this Court has affirmed are evidence that further amendment of Plaintiff's Complaint would be futile. The Court agrees dismissal with prejudice is the proper outcome of this case.

## IV. **CONCLUSION**

For the foregoing reasons, the Court AFFIRMS AND ADOPTS the Recommendation of Magistrate Judge Neureiter (Doc. # 67) as the findings and conclusions of this Court. It is

FURTHER ORDERED that Defendant Eagle County's Motion to Dismiss (Doc. # 23) is GRANTED. It is

FURTHER ORDERED that Defendant Bellco's Motion to Dismiss (Doc. # 31) is GRANTED. It is

FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE in its entirety. It is

FURTHER ORDERED Plaintiff's Motion for Summary Judgment against Defendant Bellco (Doc. # 47), his Motion to Exceed Page Limits (Doc. # 49), and the Magistrate Judge's Recommendation on those motions (Doc. # 68) are DENIED AS MOOT.

DATED: March 6, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge