IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00105-CMA-NRN

REED KIRK MCDONALD,

    Plaintiff,

v.

EAGLE COUNTY, a quasimunicipal corporation and political subdivision of the State of Colorado, and
BELLCO CREDIT UNION,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE COURT'S JUDGMENT PURSUANT TO RULE 59(e)**

---

The matter is before the Court upon Plaintiff Reed Kirk McDonald's Motion to Alter or Amend the Court's Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (the "Motion to Alter Judgment"). (Doc. # 89.) For the reasons discussed herein, the Court denies Plaintiff's Motion to Alter Judgment.

### I.    BACKGROUND

The Court detailed the factual background of this case in its Order Affirming the December 12, 2018 Recommendation of United States Magistrate Judge N. Reid Neureiter and Granting Motions to Dismiss. (Doc. # 81.) The Court's previous Order is incorporated by reference, and the details explained therein need not be repeated here.

The Court recounts only the facts necessary to address Plaintiff's Motion to Alter Judgment.

In its previous Order, issued March 6, 2019, this Court dismissed with prejudice all of Plaintiff's claims against the two Defendants, Defendant Eagle County and Defendant Bellco Credit Union ("Defendant Bellco"), and affirmed and adopted Magistrate Judge Neureiter's Recommendation on Defendants' Motion to Dismiss (Doc. # 67). (Doc. # 81.) First, in reviewing the portions of Magistrate Judge Neureiter's analysis to which Plaintiff did **not** object, see (Doc. # 77), this Court found no clear error.[1] (Doc. # 81 at 10.) The Court then conducted a *de novo* review of the portions of the Recommendation to which Plaintiff unambiguously objected. (*Id.*) As to Plaintiff's claims against Defendant Eagle County, the Court concluded that dismissal was appropriate under Rule 12(b)(1) because the Court lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and under to Rule 12(b)(6) because Plaintiff failed to allege claims against Defendant Eagle County. (*Id.* at 10–14.) With respect to Plaintiff's claims against Defendant Bellco, the Court determined that the *Younger* abstention doctrine required it to abstain from exercising jurisdiction over the claims and that Defendant Bellco was not properly joined in this action. (*Id.* at 14–18.) The Court also affirmed that dismissal of all claims with prejudice was appropriate because further

---

[1] Magistrate Judge Neureiter found that "circumstances . . . justify[ing] an award of attorney fees [were] present in this case" and thus concluded that Defendants should be awarded their reasonable costs and attorneys' fees. (Doc. # 67 at 17–19.) Plaintiff did not specifically object to Magistrate Judge Neureiter's recommendation that Defendants be awarded attorneys' fees. *See* (Doc. # 77.) This Court found no clear error in the magistrate judge's analysis of attorneys' fees and affirmed and adopted his recommendation that Plaintiff should pay Defendants' attorneys' fees. *See* (Doc. # 81 at 10.)

2

amendment of Plaintiff's Complaint would be futile. (*Id.* at 18–19.) In light of the Court's March 6, 2019 Order, the Clerk of the Court entered Final Judgment in favor of Defendants and against Plaintiff. (Doc. # 82.) Soon thereafter, Defendants separately filed motions for attorneys' fees. (Doc. ## 83, 89.) Plaintiff has not filed responses to these motions for attorneys' fees. The Court will rule on Defendants' requests for awards of attorneys' fees in due time.

On March 25, 2019, Plaintiff filed the Motion to Alter Judgment presently before the Court. (Doc. # 89.) Defendant Bellco filed its Response on April 5, 2019 (Doc. # 91), to which Plaintiff replied on April 15, 2019 (Doc. # 93.) Defendant Eagle County responded on April 15, 2019 (Doc. # 92), and Plaintiff replied to Defendant Eagle County on April 24, 2019 (Doc. # 94). Plaintiff's two Reply briefs are virtually identical to one another.

## II. LEGAL STANDARDS

### A. *PRO SE* PLAINTIFF

Plaintiff proceeds *pro se*. The Court, therefore, reviews his pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of*

*Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does *pro se* status entitle a litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**B.     RULE 59(e)**

Plaintiff "asks this Court to reverse its judgment" pursuant to Rule 59(e). (Doc. # 93 at 1.) Rule 59(e) provides that no later than 28 days after the entry of a judgment, a party may file a motion "to alter or amend" the judgment. Fed. R. Civ. P. 59(e). "The 'narrow aim' of Rule 59(e) is 'to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment.'" *Greene v. Town of Blooming Grove*, 935 F.2d 507, 512 (2d. Cir. 1991) (*quoting White v. N.H. Dep't of Emp't Security*, 455 U.S. 445, 451 (1982)). "The granting of a motion to alter or amend is an extraordinary remedy which is used sparingly in order to further the strong public policy interest in finalizing litigation and conserving judicial resources." *Sala v. United States*, 251 F.R.D. 614, 619 (D. Colo. 2008) (quoting *Torre v. Federated Mut. Ins. Co.*, 906 F. Supp. 616, 619 (D. Kan. 1995)). Accordingly, "[m]otions to alter or amend judgment are regarded with disfavor." *Kerber v. Qwest Group Life Ins. Plan*, 727 F. Supp. 2d 1076, 1077 (D. Colo. 2010) (citing *Mellon v. Cessna Aircraft Co.*, 64 F. Supp. 2d 1061, 1063 (D. Kan. 1999)).

The Court of Appeals for the Tenth Circuit recognizes three basic grounds upon which a Rule 59(e) motion may be granted: "(1) an intervening change in the controlling law, (2) when new evidence previously was unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A Rule 59(e) motion is not an appropriate vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012 (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). "In addition, 'arguments raised for the first time in a motion for reconsideration are not properly before the Court and generally need not be addressed." *Sump v. Fingerhut, Inc.*, 208 F.R.D. 324, 327 (D. Kan. 2002) (quoting *United States v. Castillo-Garcias*, 117 F.3d 1179, 1197 (10th Cir. 2007)). Courts do not relax these standards for *pro se* litigations. *See, e.g.*, *Gibson v. Zavaras*, No. 08-cv-02328, WYD-KLM, 2010 WL 3928012, *1 (D. Colo. Oct. 6, 2016) (denying a *pro se* plaintiff's motion for relief under Rule 59(e) where the plaintiff "simply rehash[ed] arguments that were previously rejected.").

### III. ANALYSIS

Plaintiff fails to assert under which of the three grounds upon which a Rule 59(e) may be granted he seeks to challenge the Court's March 6, 2019 Order dismissing his case with prejudice. *See generally* (Doc. # 89.) Because Plaintiff's Motion to Alter Judgment does not contain any arguments about a change in controlling law subsequent to the Court's Order and does not seek to introduce previously-unavailable

evidence, the Court limits its analysis of the Motion to Alter Judgment to the third grounds for Plaintiff's requested relief—"the need to correct clear error or prevent manifest injustice." *See Hayes Family Tr.*, 845 F.3d at 1004. Relief is appropriate on these grounds "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. Plaintiff does not identify material facts that the Court misapprehended, nor does he contend that the Court misapprehended his or either Defendant's positions. Reviewing Plaintiff's jumbled Motion to Alter Judgment liberally, the Court's understanding is that Plaintiff believes the Court misapplied the controlling law in its March 6, 2019 Order. However, Plaintiff largely rehashes arguments that were previously rejected by Magistrate Judge Neureiter and by this Court. *See id*. The Court has reviewed its Order and concludes that Plaintiff has not shown that the Court misapplied the controlling law therein. Plaintiff fails to demonstrate any need to correct clear error or prevent manifest injustice. He is not entitled to relief under Rule 59(e).

## IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS that Plaintiff's Motion to Alter Judgment (Doc. # 89) is DENIED. It is

FURTHER ORDERED that within ten (10) days of the date of this Order, Defendants shall file supplements to their motions for attorneys' fees that address fees and costs incurred in responding to Plaintiff's Motion to Alter Judgment.

DATED: June 3, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge