IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00105-CMA-NRN

REED KIRK MCDONALD,

    Plaintiff,

v.

EAGLE COUNTY, *a quasimunicipal corporation and political subdivision of the State of Colorado*, and
BELLCO CREDIT UNION,

    Defendants.

_____

**ORDER GRANTING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES**
_____

The matter is before the Court upon Defendant Bellco Credit Union's ("Defendant Bellco") Motion for Attorneys' Fees (Doc. # 83) and Defendant Eagle County's Motion for Attorneys' Fees (Doc. # 88). For the reasons described below, the Court grants both Motions for Attorneys' Fees.

## I.     BACKGROUND

The Court detailed the factual background of this case in its March 6, 2019 Order Affirming the December 12, 2018 Recommendation of United States Magistrate Judge N. Reid Neureiter and Granting Motions to Dismiss (Doc. # 81) and in its June 3, 2019 Order Denying Plaintiff's Motion to Alter or Amend the Court's Judgment (Doc. # 97). The Court's previous Orders are incorporated by reference, and the details explained

therein need not be repeated here. The Court recounts only the facts necessary to address Defendants' Motions for Attorneys' Fees.

In its March 6, 2019 Order, the Court dismissed with prejudice Plaintiff Reed Kirk McDonald's claims against Defendants and affirmed and adopted Magistrate Judge Neureiter's Recommendation (Doc. # 67) as the findings and conclusions of the Court. (Doc. # 81 at 19.) By adopting the Recommendation in whole, the Court adopted Magistrate Judge Neureiter's conclusion therein that "the imposition of . . . [attorneys'] fees is appropriate."[1] (Doc. # 67 at 19.) Also on March 6, 2019, the Court ordered in the Final Judgment that Defendants, as the prevailing parties, be awarded their reasonable costs. (Doc. # 82 at 2.)

Defendant Bellco filed its Motion for Attorneys' Fees on March 19, 2019, requesting $45,089.75 in fees. (Doc. # 83 at 7.) Defendant Eagle County filed its Motion for Attorneys' Fees on March 20, 2019, requesting $25,768.00 in fees. (Doc. # 88 at 7.) Plaintiff has not responded to either motion.

Plaintiff filed a Motion to Amend or Alter the Court's Judgment on March 25, 2019. (Doc. # 89.) Defendants filed Responses to the motion shortly thereafter (Doc. ## 91, 92), to which Plaintiff replied (Doc. ## 93, 94). On June 3, 2019, the Court denied Plaintiff's Motion to Amend or Alter the Court's Judgment. (Doc. # 97.) Relevant here, it ordered Defendants to supplement their requests for attorneys' fees to account

---

[1] Plaintiff did not specifically object to the Magistrate Judge Neureiter's recommendation that Defendants be awarded attorneys' fees. (Doc. # 77.) This Court found no clear error in the portions of the Recommendation to which Plaintiff had not specifically objected, including the Magistrate Judge's analysis of attorneys' fees. (Doc. # 81 at 10.)

2

for the fees incurred in responding to Plaintiff's Motion to Amend or Alter the Court's Judgment. (*Id.* at 6.) Defendant Bellco filed a Supplement to its Motion for Attorneys' Fees on June 12, 2019, and requests an additional $3,497.50 in fees. (Doc. # 99 at 4.) Defendant Eagle County filed a Supplement to its Motion for Attorneys' Fees on June 13, 2019, and requests an additional $1,583.50. (Doc. # 100 at 2.)

## II. LEGAL STANDARD

When, as in this case, a statute providing for a reasonable attorneys' fee award does not provide a specific definition of reasonableness, "the amount of the award must be determined in light of all the circumstances, based upon the time and effort expended by the prevailing party's attorney." *Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, No. 07-cv-00839, 2008 WL 5044501, *3 (D. Colo. 2008) (quoting *Tallitsch v. Child Support Servs., Inc.*, 926 P.2d 143, 147 (Colo. App. 1996)). *See* 42 U.S.C. § 1988(b) (prevailing party in a Section 1983 action may be awarded "a reasonable attorney's fee"); 15 U.S.C. § 1692k(a)(3) (under the federal Fair Debt Collection Practices Act ("FDCPA"), a debt collector may be liable for "a reasonable attorney's fee as determined by the court"); Colo. Rev. Stat. § 5-6-113(2) (under the Colorado FDCPA, in the case of an unsuccessful action, "the plaintiff shall by liable . . . [for] reasonable attorney fees as may be determined by the court").

Determination of the reasonableness of attorney fees is within the district court's discretion. *Wright v. U-Let-Us Skycap Servs., Inc.*, 648 F. Supp. 1216, 1218 (D. Colo. 1986). The Court initially estimates a reasonable attorney fee by calculating the "lodestar" amount, which represents the number of hours reasonably expended

multiplied by a reasonable hourly rate. *Infant Swimming Research, Inc.*, 2008 WL 5044501 at *3 (citing *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds, Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)). The lodestar amount "carries with it a strong presumption of reasonableness." *Tallitsch*, 926 P.2d at 147. Once the lodestar amount is determined, that basic amount "may be adjusted upward or downward" by application of several factors, including "among other circumstances, the amount in controversy, the length of time required to represent the client effectively, the complexity of the case, the value of the legal services to the client, and awards in similar cases." *Id*. (citing *Hartmann v. Freedman*, 591 P.2d 1318, 1322 (Colo. 1979)). Ultimately, the determination of reasonableness is "a question of fact for the trial court." *Id.* (citing *Hartmann*, 591 P.2d at 1322).

### III. <u>DEFENDANT BELLCO'S MOTION FOR ATTORNEYS' FEES</u>

Defendant Bellco requests that the Court award it $48,587.25 in attorneys' fees. *See* (Doc. # 99 at 4.) After calculating the lodestar amount and adjusting it to account for the circumstances of this case, the Court concludes that Defendant Bellco's request is reasonable and awards it that amount in attorneys' fees.

First, the Court finds that counsel for Defendant Bellco expended a reasonable number of hours in litigating this action and charged a reasonable hourly rate. *See* (Doc. # 83 at 4–5; Doc. # 83-1 at 1–2.) Accordingly, its requested fees are strongly presumed to be reasonable. *See Tallitsch*, 926 P.2d at 147. Second, application of the various relevant factors weighs in favor of granting Defendant Bellco's request. *See* (Doc. # 83 at 6–7; Doc. # 99 at 3–4.) For example, with respect to the complexity of the

4

case, though Plaintiff asserted just four causes of action against Defendant Bellco, the Court agrees with Defendant Bellco that Plaintiff's Complaint and subsequent motions required Defendants to "pars[e] through [Plaintiff's] puzzling and often-incomprehensible court filings," to "research for and assert multiple theories justifying dismissal with prejudice," and to conduct "an in-depth investigation into both the facts and circumstances" of related lawsuits filed by Plaintiff. See (Doc. # 83 at 5–7.) As to the value of the legal services to Defendant Bellco, its attorneys "achieved [its] goals in this action" by persuading the Court to dismiss the action in its entirety, saving [Defendant] Bellco the substantial expense of further litigating this case and engaging in further discovery." (*Id.* at 7.) In light of such circumstances, the Court finds that Defendant Bellco's requested award of $48,587.25 is reasonable and thus grants its Motion for Attorneys' Fees (Doc. # 83).

## IV. <u>DEFENDANT EAGLE COUNTY'S MOTION FOR ATTORNEYS' FEES</u>

Defendant Eagle County requests an award of $27,351.50 for attorneys' fees. (Doc. # 100 at 2.) The Court is satisfied that this request is reasonable and therefore awards Defendant Eagle County $27,351.50 in attorneys' fees.

First, to calculate a lodestar amount, the Court agrees with Defendant Eagle County that "the time expended in this case" by its counsel "is well documented and reasonable," given the "numerous issues" Plaintiff raised over the lifetime of the litigation. (Doc. # 88 at 5.) The rates charged by counsel are reasonable in amount too; they are actually "well under the market rate" for attorneys practicing civil litigation in federal courts in this region. (*Id.* at 4–5.) The Court therefore presumes that Defendant

Eagle County's requested fees are reasonable. See *Tallitsch*, 926 P.2d at 147. Second, for the reasons the Court described in Section III above, the various relevant factors—including the complexity of the case and the value of the legal services—weigh in favor of granting Defendant Eagle County's Motion for Attorneys' Fees. The Court concludes that Defendant Eagle County's requested award of $27,351.50 is reasonable.

## V.     CONCLUSION

For the foregoing reasons, the Court ORDERS that Defendant Bellco's Motion for Attorneys' Fees is GRANTED. (Doc. # 83.) It is

FURTHER ORDERED that Defendant Bellco is awarded attorneys' fees against Plaintiff in the amount of $48,587.25. It is

FURTHER ORDERED that Defendant Eagle County's Motion for Attorneys' Fees is GRANTED. (Doc. # 88.) It is

FURTHER ORDERED that Defendant Eagle County is awarded attorneys' fees against Plaintiff in the amount of $27,351.50.

DATED: June 20, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge